DeMOSS, Circuit Judge,
with whom JERRY E. SMITH, Circuit Judge, joins, dissenting in part:
I concur in the majority’s conclusion that this case is moot. However, because I believe that vacatur of the district court’s judgment and permanent injunction is appropriate, I respectfully dissent in part.
Properly framed, the question is whether vacatur is appropriate when voluntary action taken by an appellant moots a case, but the action taken is completely unrelated to the litigation. The question should be answered in the affirmative.
Admittedly, the few vacatur rules given to us by the Supreme Court do not directly answer the question, and our Court has not yet squarely addressed it. However, every other circuit court to address the issue has determined that vacatur is appropriate under such circumstances.
For example, in Russman v. Board of Education, the Second Circuit was forced to decide whether vacatur was warranted after the plaintiff-appellant student voluntarily withdrew from school, thereby mooting the case between her and the defendant-appellee school board. 260 F.3d 114, 117-18 (2d Cir.2001). The student’s reason for leaving school was preplanned and unrelated to the lawsuit. Id. at 123. In determining that vacatur was appropriate, the court provided and explained all of the rules and reasoning that our Court needs to answer the question in this case. Because the Russman court so eloquently stated its position, below I quote from large portions of the opinion.
The court began with the basic rules of a vacatur:
In general, where the appellee has caused the case to become moot, we vacate.... On the other hand, where the appellant has caused the mootness, we may dismiss the appeal without vacating the district court’s judgment.
Id. at 121-22 (citations omitted).
The court went on to explain the rationale behind the general rules:
If we were to vacate where the party that lost in the district court has taken action to moot the controversy, the result would be to allow that party to eliminate its loss without an appeal and to deprive the winning party of the judicial protection it has fairly won.
Id. at 122 (citations omitted).
Then, the court applied that understanding to the narrow question presented, the same question we are presented with in this case:
[N]ot all actions taken by an appellant that cause mootness necessarily bar va-catur of the district court’s judgment. For an appellant’s conduct to constitute “forfeiture” of the benefit of vacatur ... we believe [the appellant] must have intended that the appeal become moot, either in the sense that mootness was his purpose or that he knew or should have known that his conduct was substantially likely to moot the appeal. Accordingly, an appellant’s conduct that is undertaken with an intent to escape the collateral consequences of the decision below may defeat vacatur_ Similarly, if the appellant’s conduct of the litigation itself causes mootness, such as where he settles the case or fails to prosecute the appeal, the appellant must *317 know that the appeal will be mooted and thus vacatur will usually be inappropriate.
Id. at 122-23 (citations omitted).
Finally, the court crafted the precise rule, a rule we should adopt:
[Cjonduct that is voluntary in the sense of being non-accidental, but which is entirely unrelated to the lawsuit, should not preclude our vacating the decision below.
Id. at 23 (emphasis added) (citations omitted).
This rule has been adopted by every other circuit that has addressed this precise issue. Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 195 (3d Cir.2001) (Alito, J.) (vacating the district court’s judgment because the appellant’s voluntary action that mooted the case was not taken “to overturn an unfavorable precedent,” but rather was taken for “reasons totally independent of the pending lawsuit”); Nat. Black Police Ass’n v. Dist. of Columbia, 108 F.3d 346, 351-52 (D.C.Cir.1997) (vacating because the appellant’s actions were not taken for the manipulative purpose of mooting the case; rather, they were taken for reasons unrelated to the lawsuit); Dilley v. Gunn, 64 F.3d 1365, 1372 (9th Cir.1995) (remanding a moot case to the district court with instructions to vacate unless the court found that appellant’s action was voluntary and related to the lawsuit).
Applying the rationale of every circuit court to address the issue, it is clear that in this case vacatur of the district court’s judgment and injunction is appropriate. It cannot reasonably be said that Harris County’s refurbishment of the Old Civil Courts Building, an action that is voluntary only in the sense that it is non-accidental, is in any way related to this litigation. In fact, the decision to close and refurbish the building was made years before Staley’s filing of this lawsuit, and would have occurred even if this lawsuit was never commenced.[1] Therefore, the refurbishment of the building, an action completely unrelated to this litigation, indirectly mooted this case. Under such circumstances, our well-established practice of vacating judgments and remedies in moot cases should control.
No other relevant factor suggests that we should leave in place the district court’s judgment and injunction. Indeed, although the majority states that its decision is based on its balancing of the equities in this case, it cites no relevant factors that weigh in favor of not vacating.[2] For exam- *318 pie, in some cases it can be argued that a factor weighing against vacatur is the theory that judicial precedents are presumptively valid and helpful to the legal community; therefore, even in moot cases, they sometimes should be left in tact. See U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). That theory is not applicable here. First, the theory was not intended to apply to district court precedent, which merely is persuasive and is not binding on other courts. See Russman, 260 F.3d at 122 n. 2.[3]
Furthermore, and more importantly here, the district court’s judgment and injunction in this case, which were based on Supreme Court Establishment Clause jurisprudence, are of practically no prece-dential value to anyone because they preceded the Supreme Court’s decisions in Van Orden and McCreary County. Without question, these two cases are now the starting point of any religious display analysis. (The original panel opinions in this case, which of course were vacated by our grant of en banc reconsideration on November 17, 2006, focused almost entirely on Van Orden and McCreary County.) Therefore, the district court’s judgment and the injunction that followed were based on precedent that is certainly outdated and perhaps completely irrelevant. There is absolutely no equity in leaving intact an opinion, judgment or remedy that is based on superseded precedent. Therefore, this factor actually favors vacatur.
Similarly, as I mentioned previously, the majority’s decision to not vacate is contrary to the decisions by other circuits to vacate under similar circumstances. There is no equity in creating a circuit split to leave in place the judgment and remedy in this case; our usual course is to avoid such splits if at all possible.
*319 I recognize that a majority of this Court somehow finds that the equities favor not vacating. Of course, this holding does not preclude Harris County from petitioning the district court for a modification of its injunction. “Modification of an injunction is appropriate when the legal or factual circumstances justifying the injunction have changed.” ICEE Distribs., Inc. v. J&J Snack Foods, Corp., 445 F.3d 841, 850 (5th Cir.2006) (Jolly, J.). Given the significant factual changes that have occurred since the injunction was entered, including the closure, continued vacancy, and plan to renovate the Old Civil Courts Building, in addition to the removal of the Mosher monument, a request by Harris County for the district court to modify the injunction clearly would be appropriate. In addition, the Supreme Court’s (supposed) clarification of the Establishment Clause in McCreary County and Van Orden, discussed supra, may also provide a basis for the district court to revisit the continuing propriety of the injunction.
I would vacate the judgment and injunction entered below, but recognizing that a majority of this Court disagrees, I simply note that there exists a strong basis for modification.

. The Old Civil Courts Building closed on April 28, 2006, and the new courthouse opened the following Monday, on May 1, 2006.

. Although the majority states that three equitable factors unique to this case weigh in favor of not vacating, those novel factors are unpersuasive because they are either irrelevant, factually inaccurate or based on a faulty premise.
First, the majority relies on Staley's “temporary victory” before the original three-judge panel of this Court. I fail to see the relevance of this alleged factor. Harris County timely petitioned for rehearing. A majority of this en banc Court agreed that the Establishment Clause issue warranted rehearing before the entire Court. Simply put, the decision to rehear the case abrogated the panel's decision, and it matters not whether that decision was made in Staley's favor. In our legal reality, the panel decision no longer exists (except, of course, for very limited purposes such as explaining the procedural history of the case or the parties’ arguments throughout the litigation). Indeed, this en banc Court has not spoken on the merits of the district court’s decision or the original panel's decision. Thus, to the extent that the majority implies that Staley has some sort of an equitable interest in the judgment and remedy, it is mistaken. Of course, the majority's implica- *318 lion is somewhat of a self-fulfilling prophecy: Staley has an interest in the judgment and remedy because the majority has not vacated them; had it vacated them, she would have no such interest in them.
Second, the majority concludes that not vacating is equitable because Harris County has stated that its removal of the monument is only temporary. To start, this factor is relevant only if it is presumed that redisplaying the monument is unconstitutional. This is a faulty premise, however, because this Court has not addressed the constitutionality of the monument. More importantly, this factor is based on a factual inaccuracy. Harris County stated in its brief and at oral argument that the possibility existed that it would redisplay the monument. It is also possible, however, that Harris County will not redisplay the monument. It is also possible that Harris County will redisplay the monument, but in a different location or different context. The possibilities are endless, and not nearly as predicable as the majority states. In any event, contrary to the majority’s assertion, Harris County has not stated that the monument will be redisplayed at all.
Finally, the majority contends that equity favors not vacating because the district court’s judgment and remedy in this case have little effect on non-parties to this litigation. This will come as a big surprise to millions of Harris County residents who have had a possibly constitutional public monument removed at the request of one individual. I am confident most readers will immediately see the fallacy in the contention that the parties in a religious display case are the only ones affected by its outcome. Perhaps this contention is rooted in the majority's apparent presupposition that the monument is unconstitutional even though we have not reached the issue.

. Moreover, the Supreme Court noted several times that its holding in U.S. Bancorp is strictly limited to the proposition "that mootness by reason of settlement does not justify vacatur...." U.S. Bancorp, 513 U.S. at 29, 115 S.Ct. 386 (emphasis added). "[T]he case before us involves only a motion to vacate, by reason of settlement. ...” Id. at 28, 115 S.Ct. 386 (emphasis added). The case before us involves mootness by reason of a preplanned renovation project, not voluntary settlement.